**Michael J. PARTON, Petitioner,**

v.

**Wyman BASINGER, Sheriff of Cole County, Respondent.**

**No. 77–4005–CV–C.**

United States District Court,
W. D. Missouri, C. D.

March 7, 1977.

Michael J. Parton, pro se.

Vernon R. Dawdy, Pros. Atty., Jefferson City, Mo., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

This is an action in the nature of a petition for writ of federal habeas corpus which was initiated on January 13, 1977, upon the filing of a handwritten letter from petitioner Parton. Pursuant to Local Rule 22, that letter was provisionally filed by the Clerk of the Court who then forwarded to petitioner blank sets of forms which have been approved by the Court en banc for use by persons held in state custody who seek to petition for a writ of federal habeas corpus. On January 19, 1977, petitioner returned those forms and therein set out his state-

ment of his present claims. Petitioner also completed an affidavit in support of his request for leave to proceed with this action in forma pauperis. Leave to proceed in forma pauperis is hereby granted.

On August 9, 1976, petitioner was furloughed for a period of five days from confinement at the Church Farm, an institution under control and authority of the Missouri Department of Corrections. On August 25, 1976, the Prosecuting Attorney of Cole County, Missouri, filed a complaint against petitioner alleging that on August 17, 1976, petitioner was a person sentenced to the custody of the State Division of Corrections and that on August 17, 1976, petitioner "did unlawfully and feloniously fail to return to the Auxillary Prison, against the peace and dignity of the State." According to the present petition, petitioner is presently in confinement in the Cole County jail waiting trial before the Cole County Circuit Court on the charge set forth in the August 25th complaint. Petitioner has been appointed counsel by that Court to represent him in those pending criminal proceedings.

Petitioner seeks by this present action to challenge the validity of his present confinement and the validity of the presently pending state charge of failing to return from furlough. In support thereof petitioner contends 1) that there is no Missouri statute which makes criminal his failure to timely return from furlough, 2) that he was unlawfully arrested and held in custody in St. Louis, Missouri, which prevented him from returning from furlough within five days, and 3) that, in any case, he was entitled to mandatory release from confinement and custody of the Missouri Department of Corrections one week (7 days) prior to his furlough and therefore cannot be charged with feloniously failing to return to Church Farm.

The issues which petitioner seeks to raise here are matters which he may clearly raise and which are appropriately raised in defense of the forthcoming criminal proceedings in the Cole County Circuit

Court. While this Court may have jurisdiction over pretrial habeas claims under 28 U.S.C. § 2241(c)(3), that jurisdiction should not be exercised where it is obvious that petitioner has not availed himself of those remedies available to him in the state proceedings presently pending and the appellate avenues available in the event he is convicted of the present charge. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Moore v. DeYoung*, 515 F.2d 437 (3rd Cir. 1975). Additionally, petitioner states no exceptional circumstances which might warrant this Court in exercising jurisdiction even though petitioner has not exhausted state remedies as required by 28 U.S.C. § 2254(b). Although the exhaustion requirement of § 2254(b) is a rule of comity and not a restriction on this Court's jurisdiction, that doctrine of comity requires that, in the absence of exceptional circumstances, a federal court "should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Fay v. Noia, supra*, 372 U.S. at 420, 83 S.Ct. at 839.

█ Assuming that petitioner's pleading attempts to have this Court enjoin the pending criminal proceedings, considerations of comity and interests of federalism also dictate that this Court not intervene in ongoing state criminal processes. *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). As stated in *Moore v. DeYoung, supra*:

> Although the doctrines of "habeas corpus-exhaustion" and "Younger-abstention" are not directly related, they share many characteristics in common. They are both predicated upon interests of federalism and comity; they both recognize exceptions for "extraordinary circumstances"; both doctrines are doctrines of judicial restraint; they both envisage adequate state remedies; and, *they both bar petitioners who seek to abort state prosecutions, prior to trial or final state review.*

515 F.2d at 448 (Emphasis added).

This Court has carefully reviewed petitioner's pro se pleading and upon that review has found no circumstances which justify federal court intervention in the presently pending state criminal action against petitioner. It is clear that petitioner, through his state appointed counsel, has every opportunity to present the matters he seeks to raise here as a part of his defense in that prosecution. If petitioner is convicted in the circuit court, he is then free to proceed to appeal that conviction to the state appellate courts. Both the trial and appellate courts of the State of Missouri are bound to preserve petitioner's constitutional rights and are as capable of adjudicating questions of those rights as well as this Court. It is only after petitioner has afforded the state courts a full and fair opportunity to review the issues he seeks to present in this case is he free to seek federal habeas corpus relief. *Fay v. Noia, supra; Tyler v. Swenson*, 527 F.2d 887 (8th Cir. 1976). Because petitioner has not exhausted his adequate and available state remedies, it is appropriate that this cause be denied without prejudice so that he may do so. Accordingly, for the foregoing reasons, it is therefore

ORDERED that petitioner be, and is hereby, granted leave to proceed with this cause in forma pauperis; and it is further

ORDERED that petitioner's application for writ of habeas corpus be, and the same is hereby, denied without prejudice for failure to exhaust state remedies.